FILED
SUPERIOR COURT
OF GUAM

2018 FEB -2 PM 4: 52

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GOVERNMENT OF GUAM,<br><br>                    Plaintiff,<br><br>        vs.<br><br>WSTCO QUALITY FEED & SUPPLY,<br><br>                    Defendant. | CIVIL CASE NO. CV1379-10<br><br>**DECISION AND ORDER** |

## INTRODUCTION

This matter came before the Honorable Vernon P. Perez on November 3, 2017, for hearing on Plaintiff Government of Guam's ("the Government") Motion to Stay Enforcement of Judgment Pending Appeal. Assistant Attorney General David Highsmith was present on behalf of the Government, and Attorney Joshua Walsh was present on behalf of Defendant WSTCO Quality Feed & Supply ("WSTCO"). Having reviewed the pleadings, the arguments presented, and the record, the Court now issues the following Decision and Order.

## BACKGROUND

On July 12, 2017, Judgment was entered in this matter in accordance with the Court's Findings of Fact and Conclusions of Law issued June 2, 2017, which reinstated WSTCO's leasehold interest pursuant to the Slaughterhouse License. *See generally,* Judgment, Jul. 12, 2017; FFCL, Jun. 2, 2017. On July 18, 2017, the Government filed a Notice of Appeal, and on August 8, 2017, WSTCO filed a Notice of Cross-Appeal.[1]

---

[1] On March 4, 2015, the Court dismissed WSTCO's counterclaims against the Government based on a lack of jurisdiction. *See* Dec. & Order at 8, May 4, 2015.

*Government of Guam vs. WSTCO*
Case No.CV1379-10
Decision and Order

This matter is before this Court for the limited purpose of addressing whether the enforcement of the July 12, 2017 Judgment should be stayed pending the appeal and cross-appeal in the Supreme Court of Guam. On August 14, 2017, the Government filed the instant motion. On September 8, 2017, WSTCO filed its Opposition. On September 25, 2017, the Government filed its Reply. On November 3, 2017, the Court heard oral arguments on the motion and subsequently placed the matter under advisement.

## DISCUSSION

"A stay is not a matter of right, even if irreparable injury might otherwise result. It is instead an exercise of judicial discretion, and the propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder*, 556 U.S. 418, 433 (2009) (citations and alterations omitted). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Id.* (citations omitted). In determining whether to issue a stay pending appeal, the Court is to consider four factors:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

*Id.* at 434 (quoting *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)). "The first two factors of the traditional standard are the most critical." *Nken*, 556 U.S. at 434. "Once an applicant satisfies the first two factors, the traditional stay calls for assessing the harm to the opposing party and weighing the public interest." *Id.* at 435. The parties do not dispute this legal standard. Therefore, the Court will evaluate the factors as set forth in *Nken*.

### A. Likelihood of Success on the Merits

The first factor before the Court is whether the Government has made a strong showing that it is likely to succeed on the merits. *Nken*, 556 U.S. at 434. "It is not enough that the chance of success on the merits be better than negligible." *Id.* Here, the Government states that it "believes that it has a strong chance to prevail on appeal. No doubt the opposing party will disagree, but the trial was hotly contested and there are many close issues of law at stake." (Mot. at 2, Aug. 14, 2017). The Government further argues that it will succeed on the merits

*Government of Guam vs. WSTCO*
Case No. CV1379-10
Decision and Order

Page 2 of 5

because the "agreement was to be considered a license until a slaughterhouse was erected and operational," and "was therefore terminable at will and could have been terminated by any means." (Reply at 2, Sep. 25, 2017).

The Court acknowledges that this matter has been greatly contested throughout the trial court proceedings. In its Findings of Fact and Conclusions of Law, however, the Court found that while the agreement was titled "Slaughterhouse License," it was intended to be a long-term lease. (Findings of Fact and Conclusions of Law at 7-9, June 2, 2017). The Court notes that it is its Findings of Fact and Conclusions of Law that is currently on appeal, and while it is confident in its ruling, does not want to presume the result. Because of the lengthy time period and number of motions that took place prior to the final bench trial in this matter, and both parties have appealed, the Court finds that there are a number of issues before the Supreme Court to determine. "[I]n order to justify a stay, a petitioner must show, at a minimum, that she has a substantial case for relief on the merits." *Leiva-Perez v. Holder*, 640 F.3d 962, 968 (9th Cir. 2011).

B. **Irreparable Harm**

The second factor before the Court is whether the Government will be irreparably injured absent a stay. "[S]imply showing some possibility of irreparable injury fails to satisfy the second factor." *Nken*, 556 U.S. at 434-35 (citation and internal quotation marks omitted). The Government, as the movant, bears the burden of demonstrating that irreparable injury is likely in the absence of a stay. The Government argues that it "will be irreparably injured if there is no stay because it will be taxed for costs and the opposing party is likely to build on the land that is the subject of the case." (Mot. at 2).

It is clear that irreparable injury is not present when monetary damages may be awarded at a later date. "A determination of irreparable harm typically focuses on categories of harm that do not easily lend themselves to monetary compensation. Irreparable harm exists where pecuniary compensation would not afford adequate relief or where it would be extremely difficult to ascertain the amount that would afford adequate relief." *Gov't of Guam v. Gutierrez*, 2015 Guam 8 ¶ 37. *See also Virginia Petroleum Jobbers Ass'n v. Federal Power Commission*,

*Government of Guam vs. WSTCO*
Case No. CV1379-10
Decision and Order

Page 3 of 5

259 F.2d 921, 925 (D.C. Cir. 1958) ("The key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim of irreparable harm.").

"[W]hether real property loss creates irreparable injury is a fact-sensitive inquiry, and that such loss cannot be said to constitute irreparable harm as a matter of law." *HongKong & Shanghai Banking Corp. v. Kallingal*, 2005 Guam 13 ¶ 24. The "loss of real property does not result in a presumption of irreparable harm." *Id.* at ¶ 26 (citation omitted). Here, the real property at issue is land currently in the possession of WSTCO for the purpose of constructing and operating a slaughterhouse facility. The Government argues that "[d]eprivation of the movant's ability to make productive use of its own property constitutes irreparable injury."

At trial, there was no indication that any substitute lease would yield much larger proceeds to apply this factor in the Government's favor. The Court does not find that the loss of real property in this case constitutes potential irreparable harm. *See, e.g., HongKong*, 2005 Guam 13 at ¶¶ 25-26 (potential of irreparable harm was found to exist where owners of a an apartment building obtained a preliminary injunction to stop a private foreclosure sale and depended on their apartment building as part of their efforts to emerge from Chapter 11 bankruptcy); *Sananap v. Cyfred, Ltd.*, 2009 Guam 12 ¶ 43 (finding that irreparable injury is suffered when one is wrongfully ejected from his home and rendered homeless).

## C. Harm to WSTCO

The third factor before the Court is whether an issuance of a stay will substantially injure the other party interested in the proceeding, WSTCO. The Government argues that the "stay will not injure the other party because it will remain in possession of the land." (Mot. at 2). WSTCO, on the other hand, argues that it "has been forced to hold property it is entitled to, but nonetheless cannot use to its full quiet enjoyment because of the long and delayed tactics of the Government throughout this litigation." (Opp'n at 3). The Court finds that a stay would yield some injury, potentially substantial, to WSTCO if the matter is stayed, based on its limited

*Government of Guam vs. WSTCO*
Case No.CV1379-10
Decision and Order

Page 4 of 5

ability to utilize the property pursuant to the Slaughterhouse License. Therefore, the Court finds that this factor also lends toward not granting the stay.

### D. Public Interest

The last factor before the Court is whether the public interest lies in granting a stay. The Government argues that the "public interest lies with granting a stay because title to government land is at stake." (Mot. at 2). In response, WSTCO argues that "there is no dispute over title to land, the land is simply held by WSTCO pursuant to a valid and enforceable lease, a lease which requires monies to be paid to the Government." (Opp'n at 4). Further, WSTCO argues that "the public interest will not be harmed because the Government can always invoke the jurisdiction of this Court to enforce the outcome of any appeal." *Id.* The Court is inclined to agree with WSTCO and finds that this factor further supports not granting the stay.

**CONCLUSION**

For the foregoing reasons, the Court hereby DENIES the Government's Motion to Stay Enforcement of Judgment Pending Appeal.

**FEB 0 2 2018**

**IT IS SO ORDERED** this _____ day of February, 2018.


_____
HONORABLE VERNON P. PEREZ
Judge, Superior Court of Guam

**SERVICE VIA COURT BOX**
I acknowledge that a copy of the original hereto was placed in the court box of:
AG's Civil;
Civille & Tang
Date: 2·2·18   Time: 4:50pm

_____
Deputy Clerk, Superior Court of Guam

*Government of Guam vs. WSTCO*
Case No.CV1379-10
Decision and Order

Page 5 of 5